# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| APEX ANALYTIX, LLC,<br><br>　　　Plaintiff,<br><br>　　　　　v.<br><br>APANALYTIX and MICHAEL A. PARIDES,<br><br>　　　Defendants. | **JURY TRIAL DEMANDED**<br><br>**Case No. 16-CV-1046** |

## COMPLAINT

Plaintiff APEX Analytix, LLC ("APEX Analytix") brings this action pursuant to 15 U.S.C. § 1114 and 1125 and the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.* ("UDTPA"), seeking injunctive relief and damages against Defendants APAnalytix and Michael A. Parides for trademark infringement, unfair competition, and unfair and deceptive trade practices, and alleges as follows:

## PARTIES

1. Plaintiff APEX Analytix is a limited liability company formed under the laws of the State of Delaware, having a place of business at 1501 Highwoods Blvd., Suite 200-A, Greensboro, North Carolina 27410.

2. On information and belief, Defendant APAnalytix is an unincorporated entity with a place of business at 1201 Richardson Dr., Suite 180, Richardson, Texas 75080.

3. On information and belief, Defendant Michael A. Parides is the president, founder and sole proprietor of APAnalytix, and is a resident of the State of Texas with a home address at 3121 Robert Dr., Richardson, Texas 75082.

# JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a).

5. This Court has personal jurisdiction over Defendant APAnalytix consistent with the principles of due process underlying the United States Constitution and the North Carolina Long Arm Statute. On information and belief, Defendant APAnalytix has sold and/or offered for sale services and products relevant to this dispute in this District, has placed products and services relevant to this dispute in the stream of commerce with the expectation that such products and services will be purchased by residents of this District, has purposefully established substantial, systematic, and continuous contacts within this district such that it expects or should reasonably expect to be haled into a court within this District, and has maintained an interactive website available to residents in this District through which residents of this District may schedule a free consultation and get answers to questions about APAnalytix' services.

6. This Court has personal jurisdiction over Defendant Michael A. Parides consistent with the principles of due process underlying the United States Constitution and the North Carolina Long Arm Statute. On information and belief, Defendant Michael A. Parides, in his role as president/founder and sole proprietor of APAnalytix, has sold and/or offered for sale services and products relevant to this dispute in this District, has placed products and services relevant to this dispute in the stream of commerce with the expectation that such products and services will be purchased by residents of this District, has purposefully established substantial, systematic, and

continuous contacts within this district such that he expects or should reasonably expect to be haled into a court within this District, and has maintained an interactive website available to residents in this District through which residents of this District may schedule a free consultation and get answers to questions about APAnalytix's services.

7. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b) and 1391(c). APEX Analytix is located in this District, a substantial part of the events giving rise to APEX Analytix's claims occurred in this State and District, and Defendants are subject to personal jurisdiction in this State.

## FACTUAL BACKGROUND

### THE PARTIES

8. APEX Analytix is a premier global provider of recovery audit services and related software products for retail and commercial customers. APEX Analytix's recovery audit services help businesses identify and recover losses due to disbursement and payment errors, fraud, and other various forms of overpayments. APEX Analytix's services and proprietary suite of software tools help its clients in identifying these issues in accounts payable, contract compliance, escheatment, freight, fraud risks, pricing, retail deals, statements, and taxes. APEX Analytix's recovery audit services and software products have established it as an industry leader.

9. APEX Analytix has been continuously and exclusively using in commerce the mark APEXANALYTIX throughout the United States for computer software related to recovery audit services since at least as early as 1997, and for recovery audit services since at least as early

as 2002.  APEX Analytix uses and has used the "Apex Analytix" mark in conjunction with recovery audit services and related computer software.

10. APEX Analytix is the owner of U.S. Trademark Registration No. 3,525,625 for the mark APEXANALYTIX for computer software for managing accounts payable.  A copy of the registration is attached hereto as **Exhibit A**.  APEX Analytix first used the APEXANALYTIX mark in commerce in connection with such products at least as early as 1997.  U.S. Trademark Registration No. 3,525,625 was issued on October 28, 2008 and has been accorded incontestable status pursuant to 15 U.S.C. § 1065.

11. APEX Analytix is the owner of U.S. Application Serial No. 86/774,199 for the service mark APEXANALYTIX for recovery audit services and related computer software.  A copy of the application is attached hereto as **Exhibit B**.  APEX Analytix first used the APEXANALYTIX mark in commerce in connection with such services at least as early as 2002.

12. APEX Analytix is the owner of U.S. Application Serial No. 86/784,631 for the service mark APEXANALYTIX (stylized) for recovery audit services and related software.  A copy of the application is attached hereto as **Exhibit C**.  APEX Analytix first used the APEXANALYTIX (stylized) mark in commerce in connection with such services at least as early as 2005.  The marks identified in paragraphs 9-12 will be referred to collectively as the "APEXANALYTIX Marks."

13. At all times relevant to this dispute, APEX Analytix has used the APEXANALYTIX Marks in commerce in connection with recovery audit services and software

products, among other goods and services.

14. On information and belief, Defendants are engaged in the business of providing recovery audit services and software products under the name "APAnalytix."

### DEFENDANTS' WRONGFUL CONDUCT

15. On information and belief, prior to forming Defendant APAnalytix, Defendant Michael A. Parides was employed by a competitor of APEX Analytix, Ed Mehlman and Associates, which provides identical recovery audit services.

16. On information and belief, because Defendant Michael A. Parides was employed by APEX Analytix's competitor, and because Defendant Michael A. Parides is currently active in, and has been active in, the recovery audit industry for many years, he was aware of APEX Analytix and the APEXANALYTIX Marks before forming Defendant APAnalytix.

17. With knowledge and awareness of the APEXANALYTIX Marks, Defendant Michael A. Parides selected the name "APAnalytix" and formed Defendant APAnalytix.

18. Defendants market, offer for sale, and sell their recovery audit services and software technology through their interactive website www.apanalytix.com.

19. Defendants' website states that they "specialize in recovery audit services helping companies improve their bottom lines by identifying payment errors, vendor credit errors, and other hidden procure-to-pay risks." A screenshot of Defendants' website is attached hereto as **Exhibit D**.

20. **Exhibit D** further states that Defendants "Offer a 360° Recovery Audit Through

5

Our Innovative Technology!"

21. Defendants' website further states that their services and products "maximize the recapture of payment errors" and help "clients control losses and streamline processes" that have led to "transformational initiatives in the area of source-to-pay." A screenshot Defendants' website showing these statements is attached hereto as **Exhibit E**.

22. On information and belief, Defendants use "APAnalytix" to market, offer to sale, and sell recovery audit services and related software products through other means, including telephonic and email contact with potential customers.

23. Defendants' use of "APAnalytix" to market, offer for sale, and sell substantially similar recovery audit services and products is likely to cause confusion as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' recovery audit services and products.

24. On information and belief, Defendants knew of the APEXANALYTIX Marks when they began marketing, offering for sale, and selling their services and products in connection with the mark "APAnalytix."

25. Defendants' actions have been intentional, willful, malicious, and in complete disregard of APEX Analytix's rights in the APEXANALYTIX Marks.

26. APEX Analytix is suffering irreparable harm to the goodwill and reputation of its services and products offered in connection with the APEXANALYTIX Marks due to Defendants' actions. Unless Defendants' actions are enjoined, APEX Analytix will continue to

6

suffer injury and losses to its business, reputation, and consumer goodwill. APEX Analytix has no adequate remedy at law to compensate it for these injuries.

27. Defendants' actions have caused and will continue to cause APEX Analytix to lose sales and incur other damages in an amount not yet determined.

## COUNT I

### TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114

28. APEX Analytix realleges and incorporates by reference the foregoing paragraphs.

29. APEX Analytix owns valid and enforceable rights in the APEXANALYTIX Marks.

30. Defendants have, without APEX Analytix's consent, used "APAnalytix" in connection with the marketing, offering for sale, and sale of services and products in connection with which such use is likely to cause confusion, mistake, or deception in consumers as to the origin, sponsorship, affiliation, and/or nature of Defendants' services and products in violation of 15 U.S.C. § 1114.

31. As a proximate cause of Defendants' infringement, Defendants have or will receive substantial profits to which they are not entitled, and APEX Analytix has suffered or will suffer actual monetary damages, including lost sales, lost profits, impairment of the value of the APEXANALYTIX Marks, and loss of goodwill.

32. APEX Analytix is entitled to damages in an amount to be proven at trial under 15 U.S.C. § 1117.

33.     Defendants have acted with full knowledge of APEX Analytix's rights in the APEXANALYTIX Marks and with the intention to usurp such rights. Defendants' actions are intentional, willful, and were calculated to cause confusion, to cause mistake, or to deceive. As a result, Defendants are liable to APEX Analytix for treble damages and attorneys' fees under 15 U.S.C. § 1117.

34.     Defendants' actions have caused and will continue to cause damages and irreparable harm to APEX Analytix unless enjoined by this Court. APEX Analytix has no adequate remedy at law.

## COUNT II

### UNFAIR COMPETITION – 15 U.S.C. § 1125

35.     APEX Analytix realleges and incorporates by reference the foregoing paragraphs.

36.     Defendants' use of "APAnalytix" in connection with the marketing, offering for sale, and sale of their services and products is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Defendants and APEX Analytix are affiliated, or that certain services and products offered by Defendants are made by, sponsored by, approved by, originate with, or are affiliated with APEX Analytix, in violation of 15 U.S.C. § 1125.

37.     Defendants have competed unfairly with APEX Analytix and have realized unjust profits as a result of their unfair competition.

38.     Defendants have acted with full knowledge of APEX Analytix's rights in the APEXANALYTIX Marks and with the intention to usurp such rights. Defendants' actions are

intentional, willful, and were calculated to cause confusion, to cause mistake, or to deceive.

39. As a result of Defendants' unfair competition, APEX Analytix has suffered or will suffer damages, including lost sales, lost profits, and lost goodwill.

40. APEX Analytix is entitled to damages in an amount to be proven at trial under 15 U.S.C. § 1117.

41. Defendants' actions have caused irreparable injury to APEX Analytix's reputation and goodwill and, unless enjoined, Defendants will continue their acts of unfair competition. APEX Analytix has no adequate remedy at law

## COUNT III

### UNFAIR AND DECEPTIVE TRADE PRACTICES – N.C. GEN. STAT. § 75-1.1

42. APEX Analytix realleges and incorporates by reference the foregoing paragraphs.

43. Defendants' acts alleged herein have been willful, reckless, wanton, unfair, deceptive, and unscrupulous.

44. Defendants' conduct, which is in or affecting commerce, constitutes unfair methods of competition and/or unfair and deceptive acts or practices within the meaning of the UDTPA and North Carolina common law.

45. APEX Analytix has been damaged by Defendants' conduct and is entitled to monetary and injunctive relief pursuant to the UDTPA.

46. Defendants' unfair and deceptive activities have caused irreparable harm to APEX Analytix and, unless restrained, will continue to damage APEX Analytix, including causing

9

irreparable injury to APEX Analytix's reputation and goodwill. APEX Analytix has no adequate remedy at law.

47. As a result, Defendant should be liable to APEX Analytix for treble damages and attorneys' fees under N.C. Gen. Stat. § 75-16.

## **PRAYER FOR RELIEF**

WHEREFORE, APEX Analytix requests the following relief:

A. Preliminarily and permanently enjoin Defendants, their officers, agents, representatives, employees, and those persons acting in concert or participation with Defendants, from using "APAnalytix," or any other mark, word, name, symbol, or slogan that is likely to cause confusion, mistake, or deception with respect to the APEXANALYTIX Marks, including without limitation, ceasing all use of the domain name <apanlytix.com> and the website www.apanalytix.com;

B. Order Defendants to pay all actual damages suffered by APEX Analytix as a result of Defendants' infringing activities, pursuant to 15 U.S.C. § 1117;

C. Order Defendants to disgorge all profits attributable to Defendants' infringing activities, pursuant to 15 U.S.C. § 1117;

D. Grant APEX Analytix a monetary award to account for Defendants' unlawful conduct;

E. Grant APEX Analytix treble damages and attorneys' fees due to the willful, reckless, wanton, unfair, deceptive, and unscrupulous conduct of Defendants, pursuant to 15

U.S.C. § 1117 and N.C. Gen. Stat. § 75-16;

F. Order that Defendants pay the costs of this action, pursuant to 15 U.S.C. § 1117;

G. Order that all articles bearing the infringing mark be delivered up and destroyed, pursuant to 15 U.S.C. § 1118;

H. Grant APEX Analytix equitable relief in order to enjoin the harm caused to APEX Analytix;

I. Grant APEX Analytix prejudgment and post-judgment interest; and

J. Grant such other and further relief as this Court deems just and equitable.

## JURY DEMAND

APEX Analytix hereby demands a jury trial on all issues so triable.

Dated: August 10, 2016

/s/David R. Boaz
Jeffrey R. McFadden, N.C.S.B. No. 16450
Jacob S. Wharton, N.C.S.B. No. 37421
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 747-6609
Facsimile: (336) 726-6985
Email: jmcfadden@wcsr.com
Email: jwharton@wcsr.com

David R. Boaz, N.C.S.B. No. 44229
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
555 Fayetteville St., Suite 1100
P.O. Box 831
Raleigh, NC 27601
Telephone: (919) 755-8124
Facsimile: (919) 755-6042
Email: dboaz@wcsr.com

*Attorneys for Plaintiff APEX Analytix, LLC*